UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MAYFIELD,

    Petitioner,

v.

SHANE JACKSON,

    Respondent.
_____/

Case No. 16-cv-13418

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. INTRODUCTION

Michigan prisoner Benjamin Keith Mayfield ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded no contest to using a computer to commit a crime, MICH. COMP. LAWS § 752.797(3)(d), and failure to register as a sex offender, MICH. COMP. LAWS § 28.729, in the Jackson County Circuit Court and was sentenced to concurrent terms of three to seven years imprisonment and two years eight months to four years imprisonment in 2014. *See* Pet., p. 1; Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=405023.

In his pleadings, Petitioner raises claims concerning the effectiveness of defense counsel, the scoring of his state sentencing guidelines and/or an upward departure from those guidelines, and the validity of an email registration requirement. For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.    ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of

Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. His pleadings indicate that he has not presented any of his habeas claims to the state courts on direct appeal of his convictions and that he has not pursued post-conviction collateral review in the state courts. *See* Pet., pp. 5–10, 12. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of

limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. Petitioner does not request a stay nor indicate that his circumstances justify a stay.

Moreover, a stay is unwarranted in this case. First, it appears from the record before this Court that all of Petitioner's habeas claims are unexhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice. . . .");

*McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Second, a stay is unnecessary because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. The Michigan Supreme Court denied leave to appeal on direct appeal on February 2, 2016. *People v. Mayfield*, 499 Mich. 858, 873 N.W.2d 586 (Feb. 2, 2016). Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. CT. R. 13(1), on or about May 2, 2016. He then had one year to file his federal habeas petition or seek additional state court review. 28 U.S.C. § 2244(d)(2). Petitioner filed his

undated federal habeas petition on September 19, 2016. Consequently, just over four and one-half months of the one-year period has run and seven months of the one-year period remain. The one-year period will also be tolled while Petitioner has a properly filed application for collateral review pending in the state courts. *See* 28 U.S.C. § 2244(d)(2) (providing that the one-year period is tolled while a properly filed application for state post-conviction or other collateral review pending). Furthermore, while it does not appear that Petitioner has engaged in intentionally dilatory tactics, he has not shown good cause for failing to exhaust his claims in the state courts before seeking federal habeas relief. The Court also cannot discern whether his unexhausted claims are plainly meritless from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner has not exhausted his habeas claims in the state courts and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this decision, a certificate of appealability must

issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

    **IT IS SO ORDERED**.

Dated: September 27, 2016          s/Gershwin A. Drain  
Detroit, MI          HON. GERSHWIN A. DRAIN  
         United States District Court Judge


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 27, 2016, by electronic and/or ordinary mail.

         /s/Teresa McGovern  
         Case Manager Generalist